**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

GEORGE CALICUT, Jr.,

      Petitioner,

                                     CASE NO. 05-CV-72334-DT

v.                                  HONORABLE VICTORIA A. ROBERTS

                                     UNITED STATES DISTRICT JUDGE

DAN QUIGLEY,

      Respondent.

_____/

## OPINION AND ORDER DENYING THE
## PETITION FOR WRIT OF HABEAS CORPUS

George Calicut, Jr., ("Petitioner"), presently confined at the Straits Correctional Facility in Kincheloe, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, Petitioner challenges his conviction for first degree felony murder, M.C.L.A. 750.316. For the reasons stated below, the application for writ of habeas corpus is **DENIED.**

### I. Background

Petitioner was convicted following a jury trial in the Wayne County Circuit Court. This Court recites verbatim the relevant facts regarding Petitioner's conviction from the Michigan Court of Appeals' opinion affirming his conviction, which are presumed correct on habeas review. *See Monroe v. Smith,* 197 F. Supp. 2d 753, 758 (E.D. Mich. 2001):

Defendant's conviction arises from the strangling and stabbing death of a

1

woman who was a friend of defendant's family. The incident occurred at the home of the decedent. The police traced defendant through his use of a cellular telephone that belonged to the decedent and had been reported missing by her husband after the decedent was killed. Defendant admitted to the police that he had the telephone and gave a statement confessing to the crime.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Although he later denied the killing, in his statement to police defendant confessed to becoming angry when the decedent said that she had no money to lend him. Defendant admitted that he was high because he had been smoking crack cocaine. Defendant confessed to choking and stabbing the decedent, and confessed to subsequently taking $ 5.00 and a cellular telephone. He also told the police where he left the bloody knife. The contents of the decedent's purse had been dumped onto the floor, the knife was in the kitchen sink where defendant said he left it, and the phone was in defendant's possession.

*People v. Calicut,* No. 224817, * 1-2 (Mich.Ct.App. December 7, 2001).

Petitioner's conviction was affirmed on appeal. *Id., lv. den.* 467 Mich. 855, 650 N.W.2d 338 (2002). Petitioner filed a post-conviction motion for relief from judgment pursuant to M.C.R. 6.500, *et. seq.,* which was denied by the trial court. *People v. Calicut,* No. 99-003147-01 (Wayne County Circuit Court, January 16, 2004). The Michigan appellate courts subsequently denied Petitioner leave to appeal. *People v. Calicut,* No. 254650 (Mich.Ct.App. August 20, 2004); *lv. den.* 472 Mich. 910, 697 N.W.2d 151 (2005). Petitioner now seeks the issuance of a writ of habeas corpus on the following grounds:

I. The evidence was insufficient to support Petitioner Calicut's conviction for first-degree felony murder in violation of Mich. Const. 1963 Art 1 §17 and U.S. Const. Ams V and XIV.

II. Petitioner Calicut's rights to due process, his right against self-incrimination, and his right to counsel were violated because police

2

failed to make an audio or video recording of his statement.

III.  Petitioner Calicut's trial counsel was ineffective under U.S. Const Ams VI, XIV and Const. 1963, Art 1 §§ 17, 20 because he failed to move for suppression of Petitioner Calicut's statement and consent to search as being the fruit of an illegal arrest and failed to seek suppression of the statement because it was not voluntarily made, reversal is required.

IV. Petitioner Calicut's trial counsel was ineffective under U.S. Const Ams VI, XIV and Const. 1963 Art 1, §§17, 20.  An evidentiary hearing is necessary so that Petitioner may create a factual record in support of his claim of ineffective assistance of counsel and so that he may be granted a new trial to prevent a miscarriage of justice.

V.  The trial court erred reversibly in failing to *sua sponte* instruct that the killing and larceny were unrelated, or alternatively, counsel was ineffective in failing to request this instruction.

VI. Petitioner's conviction must be reduced to second-degree murder where the alleged larceny occurred after the person died.

VII. Petitioner was denied his due process right to a fair trial where the prosecutor presented 404(B) evidence that was unfairly prejudicial.

VIII. The police lacked probable cause for petitioner's warrantless arrest and any evidence obtained at arrest was unlawfully admitted against him.

IX. Petitioner was denied the effective assistance of trial counsel in violation of the Sixth Amendment of the United States Constitution when trial counsel failed to:

A.  Request that the trial court instruct that the killing and larceny were unrelated.

B.  Advise the court that Defendant's conviction must be reduced to second-degree murder where the subsequent larceny occurred from a dead body.

C.  Object when Defendant was denied his due process right to a fair trial where the prosecutor presented 404(B) evidence that was unfairly prejudicial.

3

D.  Move for the suppression of the consent to search and statements at police headquarters because the police lacked probable cause for Defendant's warrantless arrest.

X. Petitioner was denied the effective assistance of appellate counsel during his constitutionally protected state appeal of right in violation of the Sixth and Fourteenth Amendments to the United States Constitution.

XI. Petitioner has shown "good cause" and "actual prejudice" and is entitled to have this Court reach the merits of these claims.

## II.  Standard of Review

28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409.  A federal habeas court may not "issue the writ simply because that court concludes in its

4

independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

In reviewing a habeas corpus petition to determine whether the state court decision was based on an unreasonable determination of facts, a federal court applies a presumption of correctness to the factual findings made by the state court. *Warren v. Smith,* 161 F. 3d 358, 360 (6th Cir. 1998). A habeas petitioner may rebut this presumption of correctness only with clear and convincing evidence. *Id.* at 360-61.

### III. Discussion

**A. Claims # I and # VI. The sufficiency of evidence claims.**

The Court will consolidate Petitioner's first and sixth claims, because they are interrelated. Petitioner claims that there was insufficient evidence to convict him of first-degree felony murder.

A habeas court reviews claims that the evidence at trial was insufficient for a conviction by asking whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Scott v. Mitchell*, 209 F. 3d 854, 885 (6th Cir. 2000)(citing to *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). The reviewing court does not reweigh the evidence or redetermine the credibility of the witnesses whose demeanor has been observed by the finder of fact. *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983). The determination of the credibility of a witness is within the sole province of the finder of fact and is not subject to review. *See Dillard v. Prelesnik,* 156 F. Supp.

2d 798, 805 (E.D. Mich. 2001).  In addition, the habeas court does not substitute its

judgment for that of the finder of fact. *Id.*

> Under Michigan law, the elements of first-degree felony murder are:
>
> (1) the killing of a human being;
> (2) with an intent to kill, to do great bodily harm, or to create a high risk of
> death or great bodily harm with knowledge that death or great bodily harm
> is the probable result (i.e., malice);
> (3) while committing, attempting to commit, or assisting in the commission
> of one of the felonies enumerated in the felony murder statute.
>
> *Matthews v. Abramajtys,* 319 F. 3d 780, 789 (6th Cir. 2003)(citing to *People v.
> Carines*, 460 Mich. 750, 759; 597 N.W. 2d 130 (1999)).

Petitioner first contends that there was insufficient evidence to convict him of the

crime, because there was no evidence, apart from his confession, which linked him to the

murder.  Eyewitness identification is not necessary to sustain a conviction. *See United

States v. Brown,* 408 F. 3d 1049, 1051 (8th Cir. 2005); *Dell v. Straub,* 194 F. Supp. 2d

629, 648 (E.D. Mich. 2002).  In addition, "[A]n admission by the accused identifying

himself as the person involved in the (crime) is sufficient to sustain a guilty verdict when

the crime itself is shown by independent evidence." *United States v. Opdahl*, 610 F. 2d

490, 494 (8th Cir. 1979).  Here, there was independent evidence that the victim was

murdered and that her cellular telephone was missing after the robbery.  Accordingly,

Petitioner's confession was sufficient to sustain his conviction for first-degree felony

murder.

Petitioner further contends that his conviction should be vacated or reduced to

second-degree murder, because of the absence of evidence that the taking of the money

and property from the victim was contemporaneous with the murder.

The felony murder doctrine in Michigan requires that a defendant intended to commit the underlying felony at the time that the homicide was committed. *People v. Brannon,* 194 Mich. App. 121, 125; 486 N.W. 2d 83 (1992).  The felony murder doctrine is inapplicable if the intent to steal property is not formed until after the homicide is committed. *Id.*  However, evidence that a defendant committed a larceny immediately subsequent to the assault is sufficient evidence from which a jury could infer that the defendant possessed an intent to commit the larceny at the time of the homicide. *People v. Vaughn,* 128 Mich. App. 270, 273-74; 340 N.W. 2d 310 (1983).

Here, the evidence established that Petitioner told the police that he killed the victim because he became angry when the victim told him that she had no money to lend him.  Petitioner took the money and cellular telephone immediately after killing the victim.  In addition, Petitioner admitted hiding the cellular telephone under his mattress.  Finally, although Petitioner claimed that the victim was like an aunt to him and that his family was close to the victim's family, Petitioner, by his own admission, never called the victim's husband to convey his condolences, nor did he attend her funeral.  Based upon this evidence, a rational jury could determine that Petitioner intended to commit the larceny at or before the time of the killing.  Accordingly, he is not entitled to habeas relief on his first claim; the Michigan Court of Appeals' determination that there was sufficient evidence to convict Petitioner of first-degree felony murder was not unreasonable. *See Riley v. Berghuis,* 388 F. Supp. 2d 789, 804 (E.D. Mich. 2005).

7

**B.  Claim # II.  The failure to audiotape or videotape petitioner's confession.**

Petitioner next claims that his constitutional rights were violated because the police failed to audiotape or videotape his confession.

The United States Supreme Court has not established a federal constitutional right to have police interrogations audio or viodetaped. *See Crenshaw v. Renico,* 261 F. Supp. 2d 826, 837 (E.D. Mich. 2003).  Given the lack of holdings by the Supreme Court on the issue of whether a defendant has a constitutional right to have his confession audio or videotaped, the Michigan Court of Appeals' rejection of Petitioner's claim was not an unreasonable application of clearly established federal law. *See Carey v. Musladin,* 127 S. Ct. 649, 654 ( 2006).

**C.  Claims # III, IV, V, and IX.  The ineffective assistance of trial counsel claims.**

The Court will consolidate Petitioner's ineffective assistance of trial counsel claims for the purpose of judicial economy.

To prevail on his ineffective assistance of counsel claims, Petitioner must show that the state court's conclusion regarding these claims was contrary to, or an unreasonable application of, *Strickland v. Washington*, 466 U.S. 668 (1984). *See Cathron v. Jones,* 190 F. Supp. 2d 990, 996 (E.D. Mich. 2002).  A habeas petitioner is also entitled to relief if he or she can present clear and convincing evidence to establish that the state court's rejection of the petitioner's ineffective assistance of counsel claim

8

reflected an unreasonable determination of the facts in light of the evidence presented to the state court. *See Dugas v. Coplan,* 428 F. 3d 317, 332-34 (1st Cir. 2005); *See also Fargo v. Phillips,* 58 Fed. Appx. 603, 607 (6th Cir. 2003).

     *Strickland* established a two-prong test for claims of ineffective assistance of counsel: the petitioner must show (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. *Strickland,* 466 U.S. at 687.

     As an initial matter, Respondent contends that the ineffective assistance of trial counsel claims raised in Petitioner's fourth, fifth, and ninth claims are procedurally defaulted, because they were raised for the first time in his post-conviction motion for relief from judgment and the trial court denied Petitioner's motion pursuant to M.C.R. 6.508(D)(3), on the ground that Petitioner had failed to show cause and prejudice for failing to raise these claims in his direct appeal.  Although Petitioner did not raise these ineffective assistance of trial counsel claims in his initial appeal brief, his appellate counsel did raise these claims in a subsequently filed motion to remand to the trial court for a *Ginther* hearing on these claims and in a brief in support of the motion. [1]  The motion to remand was denied by the Michigan Court of Appeals in November of 2000. In affirming Petitioner's conviction, the Michigan Court of Appeals again indicated that they did not find any basis to remand the matter to the trial court for an evidentiary hearing. *Calicut,* Slip. Op. at * 3.

---

[1]  *People v. Ginther*, 390 Mich. 436, 443; 212 NW2d 922 (1973).

The Sixth Circuit has held that raising a claim or issue in a motion to remand with the Michigan Court of Appeals is sufficient to present a claim to the Michigan Court of Appeals for the purpose of exhausting a claim for federal habeas review. *See Elmore v. Foltz,* 768 F. 2d 773, 775 (6th Cir. 1985). By raising these ineffective assistance of counsel claims in his motion to remand, Petitioner properly presented them to the Michigan courts as part of the direct review process. The rule of procedural default is "a matter of comity between the federal and state courts and should not be applied to preclude federal courts from hearing federal constitutional claims when to do so does no disrespect to the state courts and their procedural rules." *Walker v. Engle,* 703 F. 2d 959, 967 (6th Cir. 1983). Thus, when a state court applies a procedural bar that has no foundation either in the record or under state law, the federal courts need not honor that bar. *Id.* When a state court's reliance on a procedural rule to avoid reaching the merits of a post-conviction motion or petition is " so erroneous that it is inconsistent with any notions of due process", there is not an adequate state ground to preclude federal habeas review. *United States ex. rel. Smith v. Cowan,* 123 F. Supp. 2d 1117, 1121 (N.D. Ill. 2000). Accordingly, the Court will review all of Petitioner's ineffective assistance of trial counsel claims.

1.   *Failure to move to suppress Petitioner's confession and his consent to search as the fruit of an illegal arrest.*

Petitioner first claims that his counsel should have moved to suppress his confession and his consent to search his house as being the fruit of an illegal arrest.

10

In rejecting Petitioner's claim, the Michigan Court of Appeals noted that the police arrested Petitioner after learning that he made a telephone call with the cellular telephone that was missing from the victim's house. The police found no sign of forced entry. The Michigan Court of Appeals concluded that there was nothing in the record to suggest that Petitioner's arrest was not supported by probable cause, therefore, counsel was not ineffective for failing to move to suppress the evidence on this basis. *Calicut,* Slip. Op. at * 2.

A warrantless arrest by the police in a public place does not violate the Fourth Amendment if the police had probable cause to believe that the suspect had violated, or was violating, the law. *United States v. Strickland,* 144 F. 3d 412, 413 (6th Cir. 1998); *Foster v. Withrow,* 159 F. Supp. 2d 629, 639 (E.D. Mich. 2001).

In this case, the fact that Petitioner used the victim's cellular phone shortly after she had been murdered gave the police probable cause to arrest Petitioner for the murder. *See Gober v. State,* 264 Ga. 226, 227; 443 S.E. 2d 616 (Ga. 1994). Moreover, the police knew that Petitioner was acquainted with the victim. The absence of any sign of forced entry was consistent with a theory that the perpetrator was someone who was known to the victim. *See People v. Fetterman,* 14 Ill.App. 3d 120, 126; 302 N.E. 2d 218 (Ill.App. 1973). Therefore, the fact that Petitioner used the cellular telephone which had been missing after the larceny and murder, combined with the absence of signs of forced entry, gave the police probable cause to arrest Petitioner. Because there was no reasonable probability that a challenge to the admissibility of Petitioner's confession or

11

his consent to search as the fruit of an unlawful arrest would have succeeded, Petitioner cannot show that he was prejudiced by counsel's failure to challenge the admission of this evidence on this basis.  His claim of ineffective assistance of counsel must fail. *See Foster,* 159 F. Supp. 2d at 640.  At a minimum, trial counsel may have reasonably determined, on these facts, that a motion based upon a claim of illegal arrest would have been meritless.  Therefore, Petitioner is not entitled to habeas relief on his ineffective assistance of counsel claim. *See Reedus v. Stegall*, 197 F.Supp.2d 767, 782 (E.D. Mich. 2001).

  2. *Failure to challenge the voluntariness of Petitioner's confession.*

  Petitioner next contends that his trial counsel was ineffective for not moving to suppress his confession on the ground that it was involuntary.  The Michigan Court of Appeals rejected this claim, finding that there was no support in the record for this claim. *Calicut,* Slip. Op. at * 2.

  The Court agrees with the conclusion of the Michigan Court of Appeals.  First, in the affidavit attached to his motion for remand that he filed with the Michigan Court of Appeals, Petitioner indicates that he asked his counsel for a *Walker* hearing [to challenge the voluntariness of his statement] but that his counsel told him that he did not want to reveal strategy and "tip his hand". [2]  At trial, Petitioner testified that he did not confess to the police that he had killed the victim and further accused Investigator Simon, the

---

[2] *See* Petitioner's Affidavit, signed August 30, 2000 [Part of this Court Dkt. Entry 24-4].

12

officer who took Petitioner's confession, of lying.

Petitioner's counsel was not deficient in failing to move for the suppression of inculpatory statements made by Petitioner, particularly where Petitioner's trial strategy included denying that the confession was ever made. *See Killingsworth v. Bensko,* 386 F. Supp. 2d 949, 959-61 (N.D. Ill. 2005); *See also Blackwell v. State,* 270 Ga. 509, 511; 512 S.E. 2d 233 (Ga. 1999)(counsel's tactical decision to have defendant recant his confessions before the jury rather than in a pre-trial hearing was a reasonable trial strategy).

Secondly, although Petitioner denied actually making the confession, he did testify at trial about the allegedly coercive circumstances surrounding the interrogation, including the alleged promises that were made by Investigator Simon to get him to confess.  Investigator Simon, on the other hand, denied that any threats or promises had been made.  Even if counsel was deficient for failing to file a pre-trial motion to challenge the voluntariness of the statement, Petitioner was not prejudiced since his factual allegations concerning the pre-confession behavior of the police were aired before the jury which did not find Petitioner's version of events to be credible. *Blackwell,* 270 Ga. at 511.

Lastly, counsel's failure to make a pre-trial motion to determine voluntariness of Petitioner's confession was not constitutionally ineffective assistance of counsel, in light of the state appellate court factual determination, which is presumed correct on habeas review, that the confession was, in fact, voluntary. *See Brown v. Lockhart,* 781 F. 2d

13

654, 658 (8th Cir. 1986). Subsidiary factual questions in determining the voluntariness of

a statement to police, such as whether the police engaged in intimidation tactics alleged

by a habeas petitioner, are entitled to the presumption of correctness accorded to state

court findings of fact. *Miller v. Fenton*, 474 U.S. 104, 112 (1985). In this case, the state

appellate court's finding that police officers made no promises or threats to induce an

incriminating statement from Petitioner, so that his statement was voluntarily made, is

entitled to the presumption of correctness, because Petitioner has failed to present clear

and convincing evidence to rebut this presumption. *Pritchett v. Pitcher*, 117 F. 3d 959,

963-64 (6th Cir. 1997). Petitioner is therefore not entitled to habeas relief on this portion

of his ineffective assistance of counsel claim.

     3. *Failure to call witnesses*.

     Petitioner next contends that counsel was ineffective for failing to call certain

witnesses on his behalf.

     Petitioner first claims that counsel was ineffective for failing to call various

persons who worked with Petitioner at the Sweet Water Tavern. He says they would

have testified that Petitioner worked the night before and the night after the killing, that

Petitioner was trustworthy with money, that he had been paid regularly, and that

Petitioner's crack cocaine usage did not interfere with his ability as an employee.

     For purposes of an ineffective assistance of counsel claim, a defense counsel's

failure to call character witnesses, even if deficient, will not prejudice the defendant if

their testimony is unlikely to alter the outcome. *United States ex. rel. Williams v.*

14

*Washington*, 863 F. Supp. 697, 704 (N.D. Ill. 1994).  In light of the fact that Petitioner

confessed to the murder and was in possession of the victim's cellular telephone,

Petitioner was not prejudiced by counsel's failure to call these so called character

witnesses to testify.

Petitioner next contends that counsel was ineffective for failing to call Eddie

Johnson, who informed the police that he was told by neighbors that they had seen the

victim with her throat cut around 11:00 a.m. on the day of the murder.  A defense

counsel has no obligation to call or even interview a witness whose testimony would not

have exculpated the defendant. *Millender v. Adams*, 187 F. Supp. 2d 852, 877 (E.D.

Mich. 2002).  Petitioner does not explain how Mr. Johnson's testimony would have

exculpated him of this crime.  Therefore, counsel was not ineffective for failing to call

Johnson as a witness.

Petitioner next contends that counsel was ineffective for failing to call Brandy

McCaskill to testify that Cynthia Dennis, who had been a potential suspect in the

murder, had argued all the time with the victim and had threatened to cut the victim's

throat.   Petitioner's counsel was not ineffective for failing to call McCaskill as a

witness. Petitioner has presented no credible evidence, either to the Michigan courts, or

to this court, that Cynthia Dennis ever admitted to being the actual perpetrator in this

case. *See e.g. United States ex. rel. Pecoraro v. Page,* 169 F. Supp. 2d 815, 822 (N.D. Ill.

2001).  Moreover, a defense counsel's decision not to introduce evidence of the

commission of a crime by third parties does not constitute ineffective assistance of

counsel, where the evidence does not "point unerringly" to the guilt of the third party and the innocence of the accused. *See Hoots v. Allsbrook,* 785 F. 2d 1214, 1222 (4th Cir. 1986). Because Dennis' prior threats do not "point unerringly" to her guilt and to Petitioner's innocence, counsel was not ineffective for not calling McCaskill to testify.

Petitioner next contends that counsel should have called the victim's son, Lemuel Perkins, Jr. to testify. Mr. Perkins had told the police that he [Mr. Perkins] was in Detroit on Monday, March 8, but denied possessing his mother's cellular telephone. Petitioner does not explain how Mr. Perkins' testimony would have aided his defense. In particular, Mr. Perkins' proposed testimony would not have buttressed Petitioner's trial testimony that he stole the victim's cellular telephone from Mr. Perkins' truck on March 11th, the day after the murder. Petitioner has therefore failed to establish that he was prejudiced by counsel's failure to call Mr. Perkins as a witness.

4.   *Failure to object to prosecutorial misconduct*.

Petitioner next contends that counsel was ineffective for failing to object to the prosecutor's comments during closing argument concerning Petitioner's crack cocaine usage.

Evidence of a murder defendant's drug usage is admissible pursuant to M.R.E. 404 to establish a motive on the part of the defendant to commit the felony murder to obtain money to purchase drugs. *See People v. Rice,* 235 Mich. App. 429, 440-41; 597 N.W. 2d 843 (1999). Because the Michigan Court of Appeals previously determined that such "other acts" evidence is admissible, counsel was not ineffective for failing to

16

object to its admission. *See Pearl v. Cason,* 219 F. Supp. 2d 820, 828-29 (E.D. Mich. 2002).

    5.  *Failure to move for a directed verdict*.

Petitioner next contends that counsel was ineffective for failing to move for a directed verdict at the close of the prosecution's case.  Because the evidence was sufficient to prove the elements of first-degree felony murder, counsel's failure to move for a directed verdict did not amount to ineffective assistance of counsel. *Maupin v. Smith*, 785 F. 2d 135, 140 (6th Cir. 1986); *See also Hurley v. United States,* 10 Fed. Appx. 257, 261 (6th Cir. 2001).

    6.  *Failure to request jury instructions on lesser included offenses*.

Petitioner next contends that counsel was ineffective for failing to request lesser included offenses to the charged offense of felony-murder.  In light of the fact that Petitioner's primary defense strategy was to deny that he had killed the victim and to deny that he had taken the cellular telephone from her, it was a reasonable trial strategy for counsel to forego requesting instructions on the lesser included offenses of manslaughter and larceny. *See Tinsley v. Million,* 399 F. 3d 796, 808 (6th Cir. 2005). Petitioner is not entitled to habeas relief on his ineffective assistance of counsel claims.

**D.  Claim # V.  The jury instruction claim.**

Petitioner next contends that the trial court erred in failing to *sua sponte* instruct the jury that Petitioner could not be found guilty of first-degree felony murder if the jury

17

found that the larceny and the killing were unrelated. [3]

The Sixth Circuit has held that "[g]enerally, a defendant is entitled to jury instructions on defense theories that are supported by law and raised by the evidence presented." *Williams v. Kentucky*, 124 F. 3d 201, 204 (6th Cir. 1997).  However, a requested instruction must be supported by sufficient evidence. *Mathews v. United States*, 485 U.S. 58, 63 (1988); *See also Foster,* 159 F. Supp. 2d at 643.  Moreover, "[W]hile a defendant is entitled to have a jury instruction on any defense which provides a legal defense to the charge against him, the failure to give such an instruction will not alone mandate the issuance of a writ of habeas corpus."  The omission of the instruction must so infect the trial that the resulting conviction violates due process. *See Sanders v. Israel*, 717 F. 2d 422, 425 (7th Cir. 1983)(internal citations omitted).  When the issue before the habeas court is the omission of an instruction, a habeas petitioner's burden is especially heavy. *Johnson v. Hofbauer,* 159 F. Supp. 2d 582, 604 (E.D. Mich. 2001).  A conviction will not be overturned even on direct appeal for refusal to give a requested jury charge unless that instruction represents a theory of the defense with a basis in the record that would lead to an acquittal. *Id.*

In light of the fact that the evidence in this case established that the larceny and

---

[3]  Respondent contends that Petitioner's remaining claims are also procedurally defaulted, because he raised them for the first time on post-conviction review.  Petitioner claims that appellate counsel was ineffective for failing to raise these claims on his direct appeal.  If Petitioner could show that he received ineffective assistance of appellate counsel that rose to the level of a Sixth Amendment violation, it would excuse his procedural default for failing to raise his claims on his direct appeal in the state courts. *Seymour v. Walker*, 224 F. 3d 542, 550 (6th Cir. 2000).  Given that the cause and prejudice inquiry for the procedural default issue merges with an analysis of the merits of Petitioner's defaulted claims, it would be easier to consider the merits of these claims. *See Cameron v. Birkett,* 348 F. Supp. 2d 825, 836 (E.D. Mich. 2004).

18

the murder occurred as part of an unbroken sequence of events, the trial court's failure to instruct the jury that it could acquit Petitioner of first-degree felony murder if it found the murder and the larceny to be unrelated did not deprive Petitioner of a fair trial. See *Briley v. Bass,* 584 F. Supp. 807, 837-38 (E.D. Va. 1984). Moreover, in light of the fact that Petitioner denied committing the murder or taking the telephone from the victim, there was no error in the court's failure to give such an instruction. *Id.*

### E.  Claim # VII.  The "other acts" evidence claim.

Petitioner next contends that the trial court improperly admitted "other acts" evidence, (drug usage) in violation of M.R.E. 404(b).

The admission of "prior bad acts" evidence against Petitioner at his state trial does not entitle him to habeas relief, because there is no clearly established Supreme Court law which holds that a state violates a habeas petitioner's due process rights by admitting propensity evidence in the form of "prior bad acts" evidence. *See Bugh v. Mitchell,* 329 F. 3d 496, 512 (6th Cir. 2003). Moreover, as previously discussed when addressing Petitioner's ineffective assistance of counsel claim, *supra,* evidence of Petitioner's drug usage was relevant under M.R.E. 404(b) to prove Petitioner's motive. Petitioner is therefore not entitled to habeas relief on his seventh claim.

### F.  Claim # VIII.  The illegal arrest claim.

Petitioner next contends that he is entitled to habeas relief because the evidence obtained from him was the fruit of an illegal arrest.

A federal habeas review of a petitioner's arrest or search by state police is barred

19

where the state has provided a full and fair opportunity to litigate an illegal arrest or a

search and seizure claim. *Stone v. Powell*, 428 U.S. 465, 494-495 (1976); *Machacek v.

Hofbauer*, 213 F. 3d 947, 952 (6th Cir. 2000).  For such an opportunity to have existed,

the state must have provided, in the abstract, a mechanism by which the petitioner could

raise the claim, and presentation of the claim must not have been frustrated by a failure

of that mechanism. *Riley v. Gray*, 674 F. 2d 522, 526 (6th Cir. 1982).  The relevant

inquiry is whether a habeas petitioner had an opportunity to litigate his claims, not

whether he in fact did so or even whether the Fourth Amendment claim was correctly

decided. *See Wynne v. Renico,* 279 F. Supp. 2d 866, 892 (E.D. Mich. 2003).

Petitioner raised his Fourth Amendment claim as part of his ineffective assistance

of counsel claim on his direct appeal, which the Michigan Court of Appeals rejected.

Under the circumstances, Petitioner had a full and fair opportunity to litigate his Fourth

Amendment claims and he is, therefore, barred from seeking habeas relief. *See Atkinson

v. Portuondo,* 269 F. Supp. 2d 57, 63 (E.D.N.Y. 2003).

### G.  Claim # X.  Ineffective Assistance of Appellate Counsel Claim.

Lastly, Petitioner contends that he was deprived of the effective assistance of

appellate counsel.

The Sixth Amendment guarantees a defendant the right to the effective assistance

of counsel on the first appeal by right. *Evitts v. Lucey*, 469 U.S. 387, 396-397 (1985).

However, court appointed counsel does not have a constitutional duty to raise every

nonfrivolous issue requested by a defendant. *Jones v. Barnes*, 463 U.S. 745, 751 (1983);

20

*See also Siebert. v. Jackson,* 205 F. Supp. 2d 727, 735 (E.D. Mich. 2002).  Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." *United States v. Perry*, 908 F. 2d 56, 59 (6th Cir. 1990).  "Generally, only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of appellate counsel be overcome." *Monzo v. Edwards,* 281 F. 3d 568, 579 (6th Cir. 2002)(internal quotations omitted).  In fact, winnowing out weaker issues on appeal is actually "the hallmark of effective appellate advocacy." *Id.* (*quoting Smith v. Murray,* 477 U.S. at 536).  Appellate counsel may deliver deficient performance and prejudice a defendant by omitting a "dead-bang winner," which is defined as an issue which was obvious from the trial record and would have resulted in a reversal on appeal. *See Meade v. Lavigne,* 265 F. Supp. 2d 849, 870 (E.D. Mich. 2003)(internal citations omitted).

Appellate counsel filed a fifty page brief on appeal which raised three issues. Appellate counsel subsequently filed a motion to remand to the trial court for an evidentiary hearing and a forty page brief in support of the motion, which raised Petitioner's additional ineffective assistance of trial counsel claims.  Appellate counsel vigorously represented Petitioner on his appeal of right.  Moreover, Petitioner failed to establish that any of the omitted claims were "dead bang winners."  Accordingly, Petitioner's ineffective assistance of appellate counsel claim is without merit.

## IV.  Conclusion

The Court denies the Petition for Writ of Habeas Corpus.  The Court also denies a

21

Certificate of Appealability.  In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.*   A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States,* 310 F. 3d 900, 901 (6th Cir. 2002). A district court thus has the power to deny a certificate of appealability *sua sponte. Grayson v. Grayson,* 185 F. Supp. 2d 747, 753 (E.D. Mich. 2002).

For the reasons stated in this opinion, the Court will deny a Certificate of Appealability because Petitioner has failed to make a substantial showing of the denial of a federal constitutional right.  Jurists of reason would not find this Court's resolution of Petitioner's claims to be debatable or that he should receive encouragement to proceed further. *Siebert,* 205 F. Supp. 2d at 735.

Although this Court denies a certificate of appealability, the standard for granting an application for leave to proceed *in forma pauperis* (IFP) is a lower standard than the standard for certificates of appealability. *See Foster v. Ludwick,* 208 F. Supp. 2d 750,

22

764 (E.D. Mich. 2002).  Whereas a certificate of appealability may only be granted if petitioner makes a substantial showing of the denial of a constitutional right , a court may grant IFP status if it finds that an appeal is being taken in good faith. *Id.* at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a).  "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Foster,* 208 F. Supp. 2d at 765.  Although jurists of reason would not debate this Court's resolution of Petitioner's claims, the issues are not frivolous; therefore, an appeal could be taken in good faith and petitioner may proceed *in forma pauperis* on appeal. *Id.*

## V.   ORDER

IT IS ORDERED that the Petition for Writ of Habeas Corpus is **DENIED.**

IT IS FURTHER ORDERED That a Certificate of Appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **GRANTED** leave to appeal *in forma pauperis.*

s/Victoria A.  Roberts
Victoria A.  Roberts
United States District Judge

Dated:  January 3, 2007

The undersigned certifies that a copy of this document was served on the attorneys of record and plaintiff by electronic means or U.S. Mail on January 3, 2007.

s/Linda Vertriest
Deputy Clerk